. Johnson, O. J. The first point presented relates to the propriety of the decision of the court below in substituting the heirs instead of the administratrix of the original defendant. The 10 sec. of the 1st chap, of the Revised Code provides that “where there is but one defendant in the action, and he shall die before final judgment, such action shall not thereby abate, if it might be originally prosecuted against the heirs, executor, or administrator of such defendant; but such of them, as might originally have been prosecuted for the same cause of action, shall, on the application of the plaintiff, and by order of the court, be substituted as defendants therein.’-’ Under this statute such only, as might originally have been prosecuted for the same cause of action, could be substituted in lieu of the' original defendant. The rale of descent, as recognized and enforced by this court, in the case of Hill’s Ad’rs v. Mitchell, (5 A. R. 608), and Gray v. Saffold’s Ad’rs (same vol. 638), leaves no room for doubt upon the subject. It is clear that the law, as it stood at the time of the rendition of the judgment in this case, cast the descent of the slaves directly upon the heirs at the death of the ancestor. The descent being thus cast by the mere act and operation of the law itself, it follows that a recovery against the administrator could not, in any manner, affect the legal rights of the heir, or constitute a bar to any future action which he might see fit to institute for the identical property. It is conceded that, under certain circumstances, slaves are made assets sub modo in the hands of the administrator for the payment of debts. This circumstance, however, cannot raise the slightest presumption against the title of the heir. If the administratrix in this case was the proper party to be substituted in the place of the original defendant, it is clear that a recovery against her would have been a complete bar against his heirs and devisees. We are clear that such could not have been the effect of such a recovery. There can be no doubt therefore of the correctness of the decision of the Circuit Court in respect to this point. The next question to be considered is whether the court below erred or not in entering a discontinuance on account of the failure of the plaintiff to file a new bond. The defendants filed their motion for a rule upon the plaintiff to execute a new bond, and alleged in said motion that the security was insufficient. The court, without any evidence whatever, sustained the motion, and the plaintiff having failed to file a new bond in obedience to the order of the court, the cause was discontinued, and die property ordered to be restored. The bond executed by the plaintiff on the receipt of the writ by the shriff is believed to be strictly in accordance with the provision of the statute, and there is certainly no defect upon its face which could have authorized the Circuit Court to set it aside, and rule the plaintiff to file another in lieu of it. If the bond was defective it must have consisted alone in the insufficiency of the security, which fact could only have been made to appear by competent evidence. The record shows affirmatively that no evidence whatever was offered tending to cast the least suspicion upon the security, but that the bond was set aside and the plaintiff ruled to execute another without any proof whatever. Where a party has complied with the requirements of the law in order to entitle himself to the benefits of the writ, it most assuredly cannot be true that he can be deprived of those benefits by the mere caprice of the Circuit Court; and that too without any showing that he has failed in his duty in the minutest particular. We think it manifest that the Circuit Court erred in requiring the plaintiff to execute anew bond without any proof that the first was in any respects defective. This being the case, it necessarily follows, that the judgment of discontinuance, which was based upon the failure to execute such new bond, is also erroneous. The judgment is therefore reversed.